# UNITED STATES DISTRICT COURT



### NORTHERN DISTRICT OF CALIFORNIA
### PROBATION OFFICE

**YADOR J. HARRELL**
*CHIEF U.S. PROBATION OFFICER*

**Please reply to:**
280 S. First Street, Suite 106
San Jose, CA 95113-3003
TEL: (408) 535-5200
FAX: (408) 535-5206

450 Golden Gate Avenue
Suite 17-6884 ; P.O. Box 36057
San Francisco, CA 94102-3487
TEL: (415) 436-7540
FAX: (415) 436-7572

July 30, 2008

Edward J. Allen, USPO
600 Granby St., Ste. 200
Norfolk, VA 23510

*FILED*

*AUG 2 1 2008*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*SAN JOSE, CALIFORNIA*

Re:    Kyle T. Louderback
       Docket No.:   CR 08-00497-01 RMW
       <u>TRANSFER OF JURISDICTION</u>

Dear Mr. Allen:

Enclosed please find the Transfer of Jurisdiction forms transferring jurisdiction of the above-referenced case from the _____ Eastern District of Virginia _____ to the Northern District of California. To finalize this transfer, please forward this letter to your clerk's office with instructions to file.

If you have any questions regarding the above, please do not hesitate to contact me at the number shown below.

Sincerely,

Esmerelda Gupton
U.S. Probation Officer
(408) 535-5350

Enclosures
adl



RECEIVED
AUG - 1 2008
U.S. PROBATION OFFICE
NORFOLK, VA

NDC-GEN-002 05/25/05

| PROB 22<br>(Rev12/06)<br><br>**TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)*<br>2:08CR00006-001 |
|---|---|
| | DOCKET NUMBER *(Rec. Court)*<br>CR 08 - A97 RMW |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT<br>EASTERN DISTRICT OF VIRGINIA | DIVISION<br>Norfolk |
|---|---|---|
| Kyle Thomas Louderback<br>Saratoga, California<br><br>FILED<br>AUG 2 1 2008<br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE | NAME OF SENTENCING JUDGE<br>The Honorable Robert G. Doumar | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>June 9, 2008 | TO<br>June 8, 2011 |

| OFFENSE |
|---|
| Marriage Fraud, in violation of 18 U.S.C. 1325 (c), and 18 U.S.C. 2 |

| **PART 1 - ORDER TRANSFERRING JURISDICTION** |
|---|

UNITED STATES DISTRICT COURT FOR THE <u>EASTERN DISTRICT OF VIRGINIA</u>

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| July 17, 2008 | /s/ Robert G. Doumar<br>**Senior United States District Judge** |
|---|---|
| *Date* | *Senior United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

| **PART 2 - ORDER ACCEPTING JURISDICTION** |
|---|

UNITED STATES DISTRICT COURT FOR THE <u>NORTHERN DISTRICT OF CALIFORNIA</u>

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| | |
|---|---|
| *Effective Date* | *United States District Judge* |

\* US Case Inquiry Report - to SF Finance  8/22/08

AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Norfolk Division

```
┌─────────────────────────────┐
│           FILED             │
│                             │
│        JUN 1 2 2008         │
│                             │
│   CLERK, US DISTRICT COURT  │
│         NORFOLK, VA         │
└─────────────────────────────┘
```

UNITED STATES OF AMERICA

      v.

**KYLE THOMAS LOUDERBACK**

Defendant.

Case Number:    2:08CR00006-001

USM Number:    57936-083

Defendant's Attorney: Mark K. Tyndall, retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 2 of the Superseding Indictment.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T. 8 U.S.C. 1325( c ) and T. 18 U.S.C. 2 | Marriage Fraud | Felony | Oct. 19, 2005 | 2 |

On motion of the United States, the Court has dismissed the remaining counts of the superseding indictment as to this defendant.

As pronounced on June 9, 2008, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this _____ day of _____ 2008.

Robert G. Doumar
Senior United States District Judge

TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 4 - Probation

| | |
|---|---|
| Case Number: | 2;08CR00006-001 |
| Defendant's Name: | KYLE THOMAS LOUDERBACK |

# PROBATION

The defendant is hereby placed on probation for a term of THREE (3) YEARS.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of probation and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation , it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF PROBATION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependants and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 4A - Probation

| Case Number: | 2:08CR00006-001 |
|---|---|
| Defendant's Name: | KYLE THOMAS LOUDERBACK |

## SPECIAL CONDITIONS OF PROBATION

While on probation, pursuant to this Judgment, the defendant shall also comply with the following additional conditions:

1) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

2) The defendant shall provide the probation officer access to any requested financial information.

3) The probation officer is specifically ordered to report to the court after the defendant has been on probation for one full year to determine whether the remaining probation should be suspended.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Page 4 of 5

| | |
|---|---|
| Case Number: | 2:08CR00006-001 |
| Defendant's Name: | KYLE THOMAS LOUDERBACK |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 5.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 2 | $100.00 | $1,000.00 | $31,468.00 |
| **TOTALS:** | **$100.00** | **$1,000.00** | **$31,468.00** |

**The defendant has paid full restitution to DFAS-Cleveland.   The amount of restitution is suspended upon proof of payment in full.**

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. Section 3664(I), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Count | Total Loss | Restitution Ordered |
|---|---|---|---|
| DFAS-Cleveland<br>P.O. Box 998001<br>Cleveland, OH 44199-8001 | 2 | $31,468.00 | $31,468.00 |
| **TOTALS:** | | **$31,468.00** | **$31,468.00** |

Payments of Restitution are to be made payable to Clerk, U.S. District Court.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Page 5 of 5

Defendant's Name:    **KYLE THOMAS LOUDERBACK**
Case Number:    **2:08CR00006-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment, fine, and restitution shall be due in full immediately.

Any balance remaining unpaid on the fine and special assessment at the inception of supervision shall be paid by the defendant in installments of not less than $300 per month, until paid in full. Said payments shall commence 30 days after defendant's supervision begins.

Any special assessment and fine payments may be subject to penalties for default and delinquency.

Nothing in the court's order shall prohibit the collection of any judgment, fine or special assessment by the United States.

This judgment does not imposes a period of imprisonment, but should it impose a period of imprisonment, payment of criminal monetary penalties, including the fine, special assessment and restitution, shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the Clerk, United States District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

CLOSED

# U.S. District Court
## Eastern District of Virginia (Norfolk)
### CRIMINAL DOCKET FOR CASE #: 2:08-cr-00006-RGD-TEM-1

Case title: USA v. Louderback et al

Date Filed: 01/10/2008
Date Terminated: 06/12/2008

Assigned to: District Judge Robert G.
Doumar
Referred to: Magistrate Judge Tommy E.
Miller

**Defendant (1)**

**Kyle Thomas Louderback**
*TERMINATED: 06/12/2008*

represented by **Mark Kevin Tyndall**
530 East Main Street
Suite 608
Richmond, VA 23219
(804) 788-4412
Email: cawright@alltel.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Richard Scott Yarow**
Richard S. Yarow LLC
900 Commonwealth Pl
Suite 223
Virginia Beach, VA 23464
(757) 274-2577
Fax: (757) 686-0180
Email: Richard_Yarow@yahoo.com
*TERMINATED: 02/04/2008*
*LEAD ATTORNEY*
*Designation: CJA Appointment*

**Pending Counts**

T.8 USC 1325(c) and T.18 USC 2 -
Marriage Fraud.
(2s)

**Disposition**

Probation - Three (3) years; Special
Assessment - $100.00; Fine - $1,000.00;
Restitution - $31,468.00

**Highest Offense Level (Opening)**

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT
BY
DEPUTY CLERK

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| T.18 USC 371 - Conspiracy to unlawfully and knowingly enter into a marriage to evade immigration laws, make false statements under oath, to make or present to any person or officer in the naval service of the United States knowing such claim to be false or fictitious. (1) | Dismissed - Superseding Indictment filed 03/05/08 |
| T.18 USC 371 - Conspiracy. T.31 USC 5324(a)(3) - Criminal Forfeiture. (1s) | Dismissed on Motion of the United States |
| T.8 USC 1325(c) and T. 18 USC 2 - Marriage Fraud. (2) | Dismissed - Superseding Indictment filed 03/05/08 |
| T.18 USC 287 and 2 - False Claim. (4) | Dismissed - Superseding Indictment filed 03/05/08 |
| T.18 USC 287 and 2 - False Claim. (4s) | Dismissed on Motion of the United States |
| T.18 USC 1015(a) and 2 - False statements related to Naturalization or Citizenship. (6) | Dismissed - Superseding Indictment filed 03/05/08 |
| T.18 USC 1015(a) and 2 - False statements related to naturalization or citizenship. (6s) | Dismissed on Motion of the United States |
| T.18 USC 1015(a) and 2 - False statements related to Naturalization or Citizenship. (8) | Dismissed - Superseding Indictment filed 03/05/08 |
| T.18 USC 1015(a) and 2 - False statements related to naturalization or citizenship. (8s) | Dismissed on Motion of the United States |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**

represented by **Stephen Westley Haynie**
United States Attorney's Office
101 W Main St
Suite 8000
Norfolk, VA 23510
(757) 441-6331
Email: steve.haynie@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/10/2008 | 1 | MOTION to Seal Indictment by USA as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto. Filed in open court 01/10/08. (ldab, ) Additional attachment(s) added on 1/25/2008 (ldab, ). (Entered: 01/10/2008) |
| 01/10/2008 | 2 | ORDER Granting 1 Motion to Seal Case as to Kyle Thomas Louderback (1), Rita Bankuti (2), Brandon Kyle Henley (3), Monika Agnes Peto (4), entered and filed in open court 01/10/08.Signed by Judge James E. Bradberry on 1/10/08. It is further ORDERED that the indictment and arrest warrants are unsealed upon the arrest and initial appearance of any defendant, at which time the indictment will be unsealed and may be treated as a public record.(ldab, ) Additional attachment(s) added on 1/25/2008 (ldab, ). (Entered: 01/10/2008) |
| 01/10/2008 | 3 | CRIMINAL INDICTMENT FILED IN OPEN COURT 01/10/08 as to Kyle Thomas Louderback (1) count(s) 1, 2, 4, 6, 8, Rita Bankuti (2) count(s) 1, 2, 6, 8, Brandon Kyle Henley (3) count(s) 1, 3, 5, 7, 9, Monika Agnes Peto (4) count(s) 1, 3, 7, 9. On motion of the Government, the Court directed: warrants to be issued, indictment to be SEALED, Order entered and filed in open court, motion to seal filed in open court. (ldab, ) Additional attachment(s) added on 1/25/2008 (ldab, ). Additional attachment(s) added on 1/25/2008 (ldab, ). (Entered: 01/10/2008) |
| 01/10/2008 | | Case sealed as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto (ldab, ) (Entered: 01/10/2008) |
| 01/10/2008 | 5 | Arrest Warrant Issued and Delivered to USM 01/10/08 directed by James E. Bradberry as to Kyle Thomas Louderback. (ldab, ) Additional attachment(s) added on 1/25/2008 (ldab, ). (Entered: 01/10/2008) |
| 01/24/2008 | | Initial Appearance set for 1/24/2008 02:30 PM in N Mag Courtroom 2 before Magistrate Judge James E. Bradberry. (ldab, ) (Entered: 01/24/2008) |
| 01/24/2008 | | Minute Entry for proceedings held before Judge James E. Bradberry :(Court Reporter FTR.)Sherri Capotosto, AUSA appeared on behalf of USA, deft. present in custody.Initial Appearance as to Kyle Thomas Louderback held, deft. advised of rights, charges & right to counsel, counsel desired, court DIRECTED appointment of counsel, bond set at $5000.00 pr bond, special conditions of release. Arraignment set for 1/30/2008 09:00 AM in N Mag Courtroom 1 before Magistrate Judge F. Bradford Stillman. THIS IS A TEXT ONLY ENTRY, A PDF |

| | | |
|---|---|---|
| | | DOCUMENT IS NOT ATTACHED TO THIS ENTRY. (ldab, ) (Entered: 01/25/2008) |
| 01/24/2008 | | Case unsealed as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto (ldab, ) (Entered: 01/25/2008) |
| 01/24/2008 | | Arrest of Kyle Thomas Louderback (ldab, ) (Entered: 01/25/2008) |
| 01/24/2008 | 9 | Arrest Warrant Returned Executed on 01/24/08 as to Kyle Thomas Louderback. (ldab, ) (Entered: 01/25/2008) |
| 01/24/2008 | 10 | CJA 23 Financial Affidavit by Kyle Thomas Louderback, filed in open court 01/24/2008. (ldab, ) (Entered: 01/25/2008) |
| 01/24/2008 | 11 | Unsecured Bond Entered as to Kyle Thomas Louderback in amount of $ $5,000.00, (ldab, ) (Entered: 01/25/2008) |
| 01/24/2008 | 20 | ORDER Setting Conditions of Release as to Kyle Thomas Louderback (1) $5,000.00 unsecured bond as to Kyle Thomas Louderback. Entered and filed 01/24/08. (Signed by Judge James E. Bradberry ) copies mailed on 01/28/2008. (ldab, ) (Entered: 01/28/2008) |
| 01/29/2008 | 21 | MOTION to Substitute Attorney by Kyle Thomas Louderback. (Attachments: # 1 Proposed Order)(Tyndall, Mark) (Entered: 01/29/2008) |
| 01/30/2008 | 23 | CJA 20 as to Kyle Thomas Louderback: Oral order Appointing Attorney Richard Scott Yarow as counsel for Kyle Thomas Louderback directed by Judge Bradberry.(Signed by Judge James E. Bradberry ) original CJA 20 mailed on 01/30/2008. (ldab, ) (Entered: 01/30/2008) |
| 02/01/2008 | | Terminate 9:00 Hearings as to Kyle Thomas Louderback, Rita Bankuti, Monika Agnes Peto: Arraignment reset for 2/6/2008 04:00 PM in N Mag Courtroom 2 before Magistrate Judge F. Bradford Stillman. (ldab, ) (Entered: 02/01/2008) |
| 02/01/2008 | 31 | NOTICE OF HEARING as to Kyle Thomas Louderback, Rita Bankuti, Monika Agnes Peto Arraignment set for 2/6/2008 04:00 PM in N Mag Courtroom 2 before Magistrate Judge F. Bradford Stillman. (ldab, ) (Entered: 02/01/2008) |
| 02/04/2008 | 34 | ORDER Granting 21 Motion to Substitute Attorney. Mark Kevin Tyndall for Kyle Thomas Louderback replacing Richard Scott Yarow as to Kyle Thomas Louderback (1), entered and filed 02/04/08. (Signed by Judge Walter D. Kelley Jr.) copies mailed on 02/05/08. (ldab, ) (Entered: 02/05/2008) |
| 02/06/2008 | | Minute Entry for proceedings held before Judge F. Bradford Stillman :(Court Reporter Jody Stewart, OCR.)Steve Haynie, AUSA appeared on behalf of USA, deft. appeared through Mark Tyndall, Retained.Arraignment as to Kyle Thomas Louderback (1) Count 1,2,4,6,8 held, deft. waived formal arraignment, deft. entered plea of not guilty, jury demanded, court state that deft. shall appear at preliminary hearings unless a Waiver of Appearance is executed, deft. wishes to be present at preliminary hearings, deft. released on current bond with slight modification. Motions due by 2/21/2008. Responses due by 3/3/2008 Jury Trial set for 4/9/2008 10:00 AM in N Courtroom 3 before District Judge Walter D. Kelley Jr.. (Court Time: 4:00 p.m. - 4:25 p.m.)THIS IS A TEXT ONLY ENTRY, A PDF DOCUMENT IS NOT ATTACHED TO THIS ENTRY. (ldab, ) (Entered: 02/07/2008) |

| | | |
|---|---|---|
| 02/06/2008 | 36 | Agreed Discovery Order as to Kyle Thomas Louderback filed in open court 02/06/08. Signed by Judge F. Bradford Stillman on 02/06/08. (ldab, ) (Entered: 02/07/2008) |
| 02/11/2008 | 41 | ORDER Amending Conditions of Release as to Kyle Thomas Louderback (1) $5,000.00 unsecured bond as to Kyle Thomas Louderback, entered and filed 2/11/08. (Signed by Judge F. Bradford Stillman) copies mailed on 2/12/2008. (ldab, ) (Entered: 02/12/2008) |
| 02/14/2008 | 42 | ORDER GRANTING as to Kyle Thomas Louderback re 21 MOTION to Substitute Attorney filed by Kyle Thomas Louderback. It is hereby ORDERED that Mark K. Tyndall is hereby substituted for Richard S. Yarrow, as counsel for defendant, entered and filed 2/14/08. Signed by Judge Walter D. Kelley Jr. on 2/14/08. (ldab, ) Additional attachment(s) added on 2/14/2008 (ldab, ). (Entered: 02/14/2008) |
| 03/05/2008 | 50 | SUPERSEDING INDICTMENT ENTERED AND FILED IN OPEN COURT 03/05/08 as to Kyle Thomas Louderback (1) count(s) 1s, 2s, 4s, 6s, 8s, Rita Bankuti (2) count(s) 1s, 2s, 6s, 8s, 10s, Brandon Kyle Henley (3) count(s) 1s, 3s, 5s, 7s, 9s, Monika Agnes Peto (4) count(s) 1s, 3s, 7s, 9s. On motion of the Government, the Court directed: clerk's office to notice attorneys for arraignment on 3/12/08 at 9:00 a.m. (Attachments: # 1 Criminal Cover Sheet Kyle Louderback, # 2 Criminal Cover Sheet Rita Bankuti, # 3 Criminal Cover Sheet Brandon Henley, # 4 Criminal Cover Sheet Monika Peto) (ldab, ) (Entered: 03/06/2008) |
| 03/05/2008 | 51 | NOTICE OF HEARING as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto Arraignment set for 3/12/2008 at 09:00 AM before Tommy E. Miller. (ldab, ) (Entered: 03/06/2008) |
| 03/05/2008 | | DISMISSAL OF COUNTS as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto. (ldab, ) (Entered: 03/06/2008) |
| 03/05/2008 | | Terminate Jury Trial Hearings as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto: (ldab, ) (Entered: 03/06/2008) |
| 03/05/2008 | 52 | 20 Blank Subpoenas issued (Attachments: # 1 Memorandum for 20 blank subpoenas)(ldab, ) (Entered: 03/11/2008) |
| 03/11/2008 | | Terminate Hearing originally set 3/12/08 at 9:00 am as to Kyle Thomas Louderback:, Set Hearing as to Kyle Thomas Louderback: Plea Agreement Hearing set for 3/13/2008 03:00 PM in N Mag Courtroom 1 before Tommy E. Miller. (ldab, ) (Entered: 03/11/2008) |
| 03/13/2008 | | Minute Entry for proceedings held before Judge Tommy E. Miller:(Court Reporter Jody Stewart, OCR.)Steve Haynie, AUSA appeared on behalf of USA, deft. appeared through Mark Tyndall, Retained, Robert Ellis, USPO present.Arraignment & Plea Agreement Hearing as to Kyle Thomas Louderback, deft. formally arraigned, deft. requested to withdraw plea of not guilty to Count Two (2) of the indictment and enter a plea of guilty to said count, continued for pre-sentence report, court explained to deft. that by pleading guilty he waived his right of appeal, pursuant to plea agreement. Sentencing set for 6/9/2008 10:00 AM in N Courtroom 3 before Walter D. Kelley Jr.. Defendant continued on present bond. THIS IS A TEXT ONLY ENTRY, A PDF DOCUMENT IS NOT |

| | | ATTACHED TO THIS ENTRY. (ldab, ) (Entered: 03/14/2008) |
|---|---|---|
| 03/13/2008 | 56 | Waiver of Right to Rule 11 before a US District Judge by Kyle Thomas Louderback, filed in open court 3/13/08. (ldab, ) (Entered: 03/14/2008) |
| 03/13/2008 | 57 | PLEA AGREEMENT as to Kyle Thomas Louderback, filed in open court 3/13/08.(ldab, ) (Entered: 03/14/2008) |
| 03/13/2008 | 58 | Sentencing Procedures Order as to Kyle Thomas Louderback, entered and filed in open court 3/13/08. (Signed by Judge Tommy E. Miller) copies mailed on 03/14/2008. (ldab, ) (Entered: 03/14/2008) |
| 03/13/2008 | 59 | Statement of Facts as to Kyle Thomas Louderback, filed in open court 3/13/08. (ldab, ) (Entered: 03/14/2008) |
| 03/13/2008 | 60 | REPORT AND RECOMMENDATIONS on Plea of Guilty as to Kyle Thomas Louderback Objections to R&R due by 3/27/2008, entered and filed in open court 3/13/08. (Signed by Judge Tommy E. Miller) copies mailed on 03/14/08. (ldab, ) (Entered: 03/14/2008) |
| 03/21/2008 | 61 | Modification of Conditions of Release as to Kyle Thomas Louderback (1), entered 3/19/08 and filed 3/21/08. (Signed by Judge Magistrate Judge James E. Bradberry ) copies mailed on 3/21/08. (Attachments: # 1 Letter) (ldab, ) (Entered: 03/21/2008) |
| 04/01/2008 | 72 | 15 Blank Trial Subpoenas issued (Attachments: # 1 Memorandum)(ldab, ) (Entered: 04/02/2008) |
| 04/02/2008 | 74 | ORDER ADOPTING REPORT AND RECOMMENDATIONS as to Kyle Thomas Louderback for 60 Report and Recommendations on Guilty Plea. The plea of guilty of the defendant to Count 2 of a ten(10) count superseding indictment, is now CONDITIONALLY ACCEPTED and the defendant will be ADJUDGED GUILTY of such offense at the sentencing. Signed by District Judge Walter D. Kelley, Jr on 4/2/2008. (ldab, ) (Entered: 04/03/2008) |
| 04/08/2008 | 80 | MOTION to Modify Conditions of Release by Kyle Thomas Louderback. (Tyndall, Mark) # 1 Proposed Order) (Entered: 04/08/2008) |
| 04/09/2008 | 81 | ORDER Granting 80 Motion to Modify Conditions of Release as to Kyle Thomas Louderback (1), entered and filed 4/9/08.( Signed by District Judge Walter D. Kelley, Jr) copies mailed on 4/9/08. (ldab, ) (Entered: 04/09/2008) |
| 05/15/2008 | 92 | Position on Sentencing by Kyle Thomas Louderback (Tyndall, Mark) (Entered: 05/15/2008) |
| 05/19/2008 | 93 | 15 Subpoenas Returned not served as to Kyle Thomas Louderback. (ldab, ) (Entered: 05/19/2008) |
| 05/20/2008 | | Case as to Kyle Thomas Louderback, Rita Bankuti, Brandon Kyle Henley, Monika Agnes Peto Reassigned to District Judge Robert G. Doumar. District Judge Walter D. Kelley, Jr no longer assigned to the case. (arou) (Entered: 05/20/2008) |
| 05/27/2008 | | Set/Reset Hearings as to Kyle Thomas Louderback: Sentencing set for 6/9/2008 at 11:30 AM before District Judge Robert G. Doumar. (lbax, ) (Entered: 05/27/2008) |
| 05/28/2008 | 96 | Position on Sentencing by Kyle Thomas Louderback (Attachments: # 1 Exhibit Letter, # 2 Exhibit Letter, # 3 Exhibit Letter)(Tyndall, Mark) (Entered: |

| | | |
|---|---|---|
| | | 05/28/2008) |
| 06/09/2008 | ⬛ | Minute Entry for proceedings held before District Judge Robert G. Doumar: Court ACCEPTS Plea entered by Kyle Thomas Louderback (1) of Guilty to Count 2s and finds deft. GUILTY of the offense charged. (lbax, ) (Entered: 06/10/2008) |
| 06/09/2008 | ⬛ | Sentencing before District Judge Robert G. Doumar held on 6/9/2008 for Kyle Thomas Louderback (1). AUSA Stephen Haynie appeared. Deft. present on bond w/retained counsel Mark Tyndall. Court ACCEPTED the plea to Count 2 and finds the deft. GUILTY as charged. Arguments and statement of deft. heard. Counts 1, 2, 4, 6, 8: Dismissed - Superseding Indictment filed 03/05/08; Count 1s, 4s, 6s, 8s: Dismissed on Motion of the United States; Count 2s: Probation - Three (3) years; Special Assessment - $100.00; Fine - $1,000.00; Restitution - $31,468.00. Restitution has been paid in full. The court hereby SUSPENDS the restitution pending proof of payment. THIS IS A TEXT ONLY ENTRY. A PDF DOCUMENT IS NOT ATTACHED TO THIS ENTRY. (Court Reporter Paul McManus, OCR.) (lbax, ) (Entered: 06/10/2008) |
| 06/12/2008 | ⬛ 99 | JUDGMENT as to Kyle Thomas Louderback (1), Counts 1, 2, 4, 6, 8: Dismissed - Superseding Indictment filed 03/05/08; Counts 1s, 4s, 6s, 8s: Dismissed on Motion of the United States; Count 2s: Probation - Three (3) years; Special Assessment - $100.00; Fine - $1,000.00; Restitution - $31,468.00. Entered 6/11/08 and filed 6/12/08. (Signed by District Judge Robert G. Doumar) copies mailed, emailed & e-designated on 6/12/08. (ldab, ) (Entered: 06/12/2008) |
| 08/15/2008 | ⬛ 122 | Probation Jurisdiction Transferred to Northern District of California as to Kyle Thomas Louderback Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Attachments: # 1 Letter from USPO, # 2 Transfer of Probation Letter)(ldab, ) (Entered: 08/19/2008) |

FILED
IN OPEN COURT

MAR -5

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:08cr06 |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | Conspiracy |
| KYLE THOMAS LOUDERBACK, | ) | (Count 1) |
| (Counts 1, 2, 4, 6 & 8) | ) | |
| | ) | 8 U.S.C. § 1325(c) |
| RITA BANKUTI, | ) | Marriage Fraud |
| a/k/a Rita Bankuti Louderback, | ) | (Counts 2-3) |
| (Counts 1, 2, 6, 8, & 10) | ) | |
| | ) | 18 U.S.C. § 287 |
| BRANDON KYLE HENLEY, | ) | False Claim |
| (Counts 1, 3, 5, 7 & 9) | ) | (Counts 4-5) |
| | ) | |
| and | ) | 18 U.S.C. § 1015(a) |
| | ) | False Statements Related to |
| MONIKA AGNES PETO, | ) | Naturalization or Citizenship |
| a/k/a Monika Agnes Henley, | ) | (Counts 6-9) |
| (Counts 1, 3, 7 & 9) | ) | |
| | ) | 31 U.S.C. § 5324(a)(3) |
| Defendants. | ) | Structuring Financial Transactions |
| | ) | (Count 10) |
| | ) | |
| | ) | 31 U.S.C. § 5317 and 28 U.S.C. § 2461 |
| | ) | Criminal Forfeiture |
| | ) | |

**SUPERSEDING INDICTMENT**

March 2008 Term – At Norfolk, Virginia

**Introductory Allegations**

THE GRAND JURY CHARGES THAT:

At all times relevant to this indictment:

1.   Aliens who wish to become lawful permanent residents of the United States and

eventually become naturalized United States citizens may avoid the numerical restrictions on the

number of immigrants allowed in the United States, as well as certain visa and other

requirements imposed by the law, by becoming the spouse of a United States citizen.

    2.    A United States citizen may petition the government of the United States to grant an

alien spouse lawful permanent resident status without regard to the numerical restrictions noted

previously by filling out a Form I-130 (Petition for Alien Relative).

    3.    An approved immediate relative visa petition allows an alien spouse to file a Form I-

485 (Application to Register Permanent Resident or Adjust Status) requesting that the United

States Government adjust the alien spouse's status to that of a lawful permanent resident without

the alien having to leave the United States.  If the alien cannot adjust status this way, the alien

must leave the United States, obtain an immigrant visa at a United States embassy in the alien's

home country, and reenter the United States.

    4.    Forms I-130 and I-485 are typically filed together and the visa petition and

adjustment application are adjudicated at the same time.  In support of these applications, the

United States citizen spouse and the alien spouse each submit Biographic Information forms

(Form G-325A) containing biographic information.

    5.    Title 8, United States Code, Section 1325(c) provides that it is a crime to "knowingly

enter into a marriage for the purpose of evading any provision of the immigration laws."

    6.    The United States Navy provides certain service members a Basic Allowance for

Housing (BAH) to help offset the costs of suitable housing for its members.  Only certain classes

of service members, such as service members who have dependents, are eligible for BAH.  If a

servicemember is eligible to receive BAH, he normally must file the appropriate paperwork at

the local personnel office certifying his eligibility.  The servicemember becomes eligible for

increased BAH once he is married.  Once his paperwork is properly filed, BAH is disbursed to a

servicemember along with his base pay and any other pay to which he may be entitled on a bi-monthly basis. If the servicemember's circumstances change in such a manner that he is no longer eligible to receive BAH, it is the servicemember's responsibility to return to the local personnel office and file the appropriate paperwork to discontinue the BAH payments.

7.    Defendant KYLE THOMAS LOUDERBACK was a United States citizen and an active duty service member in the United States Navy, stationed in Norfolk, Virginia.

8.    Defendant RITA BANKUTI, also known as Rita Bankuti Louderback, (BANKUTI) was born in Szolnok, Hungary. According to information she reported, she entered the United States on a B1/B2 tourist visa on October 21, 2000. Her visa expired on April 20, 2002 and after that date, she was an overstay and illegally present in the United States.

9.    Defendant BRANDON KYLE HENLEY was a United States citizen and an active duty service member in the United States Navy, stationed in Norfolk, Virginia.

10.    Defendant MONIKA AGNES PETO, also known as Monika Agnes Henley (PETO), was born in Sellye, Hungary. According to information she reported, she entered the United States on a B1/B2 visitor visa on December 15, 2004. She applied for an H2B visa for employment which was approved and her status was adjusted  for the period January 15, 2006 to April 30, 2006. She again applied to adjust her status and that application was denied on May 1, 2006 and after that date, she was an overstay and illegally present in the United States.

11.    Title 31, United States Code, Section 5313 requires any financial institution that engages in a currency transaction (i.e., a deposit or withdrawal) in excess of $10,000 with a customer to report the transaction to the Internal Revenue Service on Form 4789, Currency Transaction Report ("CTR"). These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are by, or on behalf of, the same person, and they result in either currency received or disbursed by the financial institution totaling more than $10,000 during any one business day.

12.    CTRs often are used by law enforcement to uncover a variety of illegal activities. Certain individuals involved in these illegal activities are aware of such reporting requirements and take active steps to cause financial institutions to fail to file CTRs. These active steps are often referred to as "smurfing" or "structuring" and involve making multiple cash deposits, in amounts less than $10,000, to multiple banks and/or branches of the same bank on the same day or consecutive days. Structuring cash deposits to avoid triggering the filing of a CTR by a financial institution is prohibited by Title 31, United States Code, Section 5324(a).

### Count One

1.    The allegations contained in paragraphs one through twelve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    In the period from April 2005 through the date of this indictment, in the Eastern District of Virginia and elsewhere, the defendants KYLE THOMAS LOUDERBACK, RITA

BANKUTI, BRANDON KYLE HENLEY and MONIKA AGNES PETO and others both known and unknown to the Grand Jury, knowingly and unlawfully combined, conspired, confederated and agreed together and with each other to commit the following offenses, that is:

(A)   to unlawfully and knowingly enter into a marriage to evade any provision of the immigration laws in violation of Title 8, United States Code, Section 1325(c);

(B)   to knowingly make false statements under oath in any case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, in violation of Title 18, United States Code, Section 1015(a); and

(C)   to make or present to any person or officer in the naval service of the United States any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false or fictitious, in violation of Title 18, United States Code, Section 287.

### Object, Ways, Manners, and Means of the Conspiracy

The ways, manner, and means by which the conspiracy was carried out included, but were not limited to, the following:

1.   The object of the conspiracy was for defendants RITA BANKUTI and MONIKA AGNES PETO to obtain lawful permanent resident status and, potentially, eventual citizenship

in the United States, and for defendants KYLE THOMAS LOUDERBACK and BRANDON

KYLE HENLEY to obtain Basic Allowance for Housing (BAH) to which they were not entitled.

2.    It was part of the conspiracy that defendants LOUDERBACK, BANKUTI,

HENLEY and PETO conspired with each other so that both BANKUTI and PETO could enter

into marriages with American citizens for the purpose of obtaining lawful permanent resident

status in the United States.

3.    It was further part of the conspiracy that LOUDERBACK, BANKUTI, HENLEY and

PETO would make certain false statements about the status of their marriages and other matters

to United States Citizenship and Immigration Services (USCIS) officials.

4.    It was further part of the conspiracy that LOUDERBACK and HENLEY would make

claims for and receive Basic Allowance for Housing (BAH) from the Department of the Navy

based on their respective fraudulent marriages to BANKUTI and PETO.

### Overt Acts

In furtherance of this conspiracy and to the effect of its objects, the following acts were

committed in the Eastern District of Virginia and elsewhere:

1.    On or about October 19, 2005, in Portsmouth, Virginia, LOUDERBACK and

BANKUTI completed and signed a Commonwealth of Virginia Marriage Register and were

married by a Marriage Commissioner at the Portsmouth Circuit Court.  Both defendants listed

the address of their usual residence as 515 London Street, Apartment 3, Portsmouth, Virginia,

however, LOUDERBACK stated that he lived on the Norfolk Naval Base between March 2005

6

until November 2005 on his Form G 325A Biographic Information dated January 5, 2006.

2.    On or about November 7, 2005, LOUDERBACK and BANKUTI opened a joint

checking account at Bank of America by depositing $90.00. They listed their mailing address as

820 Jewell Avenue, Portsmouth, Virginia 23701. BANKUTI never lived at this address. A copy

of their Bank of America bank statement was submitted to U.S. Citizen and Immigration Service

(USCIS) as part of BANKUTI's Application to Register Permanent Resident or Adjust Status.

Also in or about November 2005, LOUDERBACK submitted a false claim to the Navy for BAH.

3.    On or about January 5, 2006, LOUDERBACK and BANKUTI signed their respective

Forms G-325A, Biographic Information; BANKUTI signed her Form I-485, Application to

Register Permanent Residence or Adjust Status; and LOUDERBACK signed his Form I-130

Petition for Alien Relative. These forms were received by the USCIS on or about January 11,

2006. All of these forms contained a material misrepresentation with regard to BANKUTI's

current address since she never resided with LOUDERBACK at 820 Jewell Avenue, Portsmouth,

Virginia.

4.    In order to support BANKUTI's Application to Register Permanent Resident or Adjust

Status pending before USCIS, BANKUTI obtained a Commonwealth of Virginia Identification

Card; a United States Uniformed Services Identification and Privilege Card; and a U.S.

Department of Homeland Security Employment Authorization Card. These cards were obtained

in the name of Rita Bankuti Louderback or Rita B. Louderback and were submitted to USCIS.

5.    On or about April 26, 2006, LOUDERBACK completed and signed a

Servicemember's Group Life Insurance Election and Certificate listing "Rita Louderback" as the

principal beneficiary of his insurance proceeds in case of death. This insurance certificate was submitted in support of BANKUTI's USCIS application.

6.    On or about June 20, 2006, LOUDERBACK completed and signed a TRICARE Enrollment Application and PCM Change Form adding "Rita Bankuti Louderback" in the TRICARE military health insurance program. This form was completed one day prior to LOUDERBACK and BANKUTI's interview with USCIS on BANKUTI's application for permanent resident status.

7.    On or about June 21, 2006, in Norfolk, Virginia, LOUDERBACK and BANKUTI appeared for their interview with USCIS in Norfolk, Virginia, and during that interview LOUDERBACK and BANKUTI gave false answers to the USCIS interviewing officer with regard to the address of BANKUTI's residence to make the marriage appear legitimate.

8.    On or about July 13, 2006, in Norfolk, Virginia, LOUDERBACK and BANKUTI's petition and application for BANKUTI's permanent resident status were conditionally approved by USCIS.

9.    In or about May 2006, HENLEY and LOUDERBACK, who were sailors serving onboard the same ship, met at a party. LOUDERBACK told HENLEY that he married a foreign national so she could remain in the country and he could receive BAH. LOUDERBACK further advised Henley that he and his spouse were not living together. LOUDERBACK encouraged HENLEY to marry his wife's friend so HENLEY could receive BAH and the friend could remain in the United States. As a result of this conversation, LOUDERBACK gave HENLEY

8

PETO's phone number so HENLEY could call her and introduce himself.

10.   On or about June 15, 2006, in Norfolk, Virginia, HENLEY and PETO completed and signed a Commonwealth of Virginia Marriage Register and were married by a Marriage Commissioner at the Norfolk Circuit Court.

11.   On or about June 16, 2006, HENLEY, PETO and two other males signed a one year lease for an apartment located 105-B Friendly Drive, Newport News, Virginia 23605. Nevertheless, PETO never lived with HENLEY at this or any other address because she continued to reside at 2613 Cove Point Place, Virginia Beach, Virginia, with other foreign nationals. In addition, HENLEY and PETO obtained an account for electric service from Dominion Virginia Power at 105-B Friendly Drive, Newport News, Virginia. HENLEY and PETO submitted their apartment lease and Dominion electric bills to USCIS to support their application and petition for PETO's permanent residence status.

12.   On or about June 26, 2006, HENLEY signed a Servicemembers' Group Life Insurance Election and Certificate adding "Monika Henley" as a 75% share beneficiary to his life insurance policy. A copy of this certificate was sent to USCIS. On August 30, 2007, HENLEY signed another Servicemembers' Group Life Insurance Election and Certificate in which PETO was deleted as a beneficiary of his life insurance policy in favor of HENLEY's grandmother and two brothers.

13.   In or about July 2006, HENLEY submitted a false claim to the Navy for BAH.

14.    On or about August 17, 2006, HENLEY completed and signed a TRICARE Enrollment Application and PCM Change Form enrolling "Monika A. Henley" in the TRICARE military health insurance program.  In order to support PETO's Application to Register Permanent Resident or Adjust Status pending before USCIS, PETO obtained a United States Uniformed Services Identification and Privilege Card and a TRICARE Prime card for military health insurance in the name of Monika Agnes Henley" and Monika A. Henley" respectively and submitted copies of these cards to USCIS.

15.    On or about October 3, 2006 and October 4, 2006, HENLEY and PETO signed their respective Forms G-325A, Biographic Information; PETO signed her Form I-485, Application to Register Permanent Residence or Adjust Status; and HENLEY signed his Form I-130 Petition for Alien Relative.  These forms were received by the U.S. Citizenship and Immigration Services (USCIS) on or about October 11, 2006.  All of these forms contained a material misrepresentation with regard to PETO's current address since she never resided with HENLEY at 105-B Friendly Drive, Newport News, Virginia.

16.    On or about October 10, 2006, HENLEY and PETO opened a new joint checking and savings account at ABNB Federal Credit Union.  They listed their mailing address as 105 Friendly Drive, Newport News, Virginia 23605.  PETO never lived at this address.  A copy of their ABNB membership application was submitted to USCIS as part of BANKUTI's Application to Register Permanent Resident or Adjust Status.

17.    On or about April 18, 2007 , in Norfolk, Virginia, HENLEY and PETO appeared for their interview with USCIS in Norfolk, Virginia, and during that interview they gave false answers to the USCIS interviewing officer with regard to the address of PETO's residence.  On that same date,  HENLEY and PETO's petition and application for PETO's permanent resident status were conditionally approved by USCIS.

18.    On or about August 21, 2007, LOUDERBACK and BANKUTI entered into a Marital Separation and Property Settlement Agreement With No Dependant Children based on "irreconcilable differences" arising "which have resulted in the parties living apart and there is no chance of them staying together."

(In violation of title 18, United States Code, Section 371.)

## Count Two

1.    The allegations contained in paragraphs one through twelve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    On or about October 19, 2005, in Portsmouth, Virginia, in the Eastern District of Virginia, the defendants KYLE THOMAS LOUDERBACK and RITA BANKUTI knowingly and unlawfully entered into a marriage for the purpose of allowing RITA BANKUTI to evade the provisions of the immigration laws of the United States.

(In violation of Title 8, United States Code, Section 1325(c) and 18 United States Code, Section 2.)

## Count Three

1.    The allegations contained in paragraphs one through twleve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    On or about June 15, 2006, in Norfolk, Virginia, in the Eastern District of Virginia, the defendants BRANDON KYLE HENLEY and MONIKA AGNES PETO knowingly and unlawfully entered into a marriage for the purpose of allowing MONIKA AGNES PETO to evade the provisions of the immigration laws of the United States.

(In violation of Title 8, United States Code, Section 1325(c) and 18 United States Code, Section 2.)

## Count Four

In or about November 2005, in the Eastern District of Virginia, the defendant KYLE THOMAS LOUDERBACK made and presented to the United States Navy a claim upon the United States Navy, that is, a claim for basic allowance for housing (BAH), knowing that the claim was false, fictitious and fraudulent, in that LOUDERBACK had engaged in a marriage fraud scheme and his spouse was not, in fact, a true spouse and was neither cohabiting with LOUDERBACK nor being supported by him.

(In violation of Title 18, United States Code, Sections 287 and 2.)

12

## Count Five

In or about July 2006, in the Eastern District of Virginia, the defendant BRANDON

KYLE HENLEY made and presented to the United States Navy a claim upon the United States

Navy, that is, a claim for basic allowance for housing (BAH), knowing that the claim was false,

fictitious and fraudulent, in that HENLEY had engaged in a marriage fraud scheme and his

spouse was not, in fact, a true spouse and was neither cohabiting with HENLEY nor being

supported by him.

(In violation of Title 18, United States Code, Sections 287 and 2.)

## Count Six

1.    The allegations contained in paragraphs one through twelve of the section of this

indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if

set forth within.

2.    On or about January 11, 2006, in Norfolk, Virginia, in the Eastern District of

Virginia and elsewhere, defendants KYLE THOMAS LOUDERBACK and RITA BANKUTI,

did knowingly make false statements under oath, in a case, proceeding and matter related to, and

under, and by virtue of a law of the United States relating to naturalization, citizenship, and

registry of aliens, in that defendant BANKUTI declared on Form I-485, Application to Register

Permanent Residence or Adjust Status, that her address was 820 Jewell Avenue, Portsmouth,

Virginia 23701, and defendant LOUDERBACK declared on Form I-130, Petition for Alien

Relative, that the address of his spouse, Rita Bankuti Louderback, was 820 Jewell Avenue, Portsmouth, Virginia 23701, when both defendants then and there well knew that BANKUTI did not reside at 820 Jewell Avenue, Portsmouth, Virginia 23701.

(In violation of Title 18, United States Code, Sections 1015(a) and 2.)

### Count Seven

1.    The allegations contained in paragraphs one through tweve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    On or about October 11, 2006, in Norfolk, Virginia, in the Eastern District of Virginia and elsewhere, defendants BRANDON KYLE HENLEY and MONIKA AGNES PETO, did knowingly make false statements under oath, in a case, proceeding and matter related to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in that defendant PETO declared on Form I-485, Application to Register Permanent Residence or Adjust Status, that her address was 105-B Friendly Avenue, Newport News, Virginia 23605, and defendant Henley declared on Form I-130, Petition for Alien Relative, that the address of his spouse, Monika Agnes Peto, was 105-B Friendly Avenue, Newport News, Virginia 23605, when both defendants then and there well knew that PETO did not reside at 105-B Friendly Avenue, Newport News, Virginia 23605.

(In violation of Title 18, United States Code, Sections 1015(a) and 2.)

**Count Eight**

1.    The allegations contained in paragraphs one through twelve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    On or about June 21, 2006, in Norfolk, Virginia, in the Eastern District of Virginia, defendants KYLE THOMAS LOUDERBACK and RITA BANKUTI did knowingly make false statements under oath, in a case, proceeding and matter related to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in that:

3.    During the USCIS hearing, the defendants appeared as witnesses and were asked by a district adjudications officer what was their current address.

4.    In response to the aforesaid question, the defendants stated under oath that they resided at "820 Jewell Avenue, Portsmouth, Virginia" or words to that effect.

5.    The aforesaid statements of the defendants were false, as they then and there well knew that RITA BANKUTI did not reside at 820 Jewell Avenue, Portsmouth, Virginia.

(In violation of Title 18, United States Code, Sections 1015(a) and 2.)

## Count Nine

1.    The allegations contained in paragraphs one through twelve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    On or about April 18, 2007, in Norfolk, Virginia, in the Eastern District of Virginia, defendants BRANDON KYLE HENLEY and MONIKA AGNES PETO did knowingly make false statements under oath, in a case, proceeding and matter related to, and under, and by virtue of a law of the United States relating to naturalization, citizenship, and registry of aliens, in that:

3.    During the USCIS hearing, the defendants appeared as witnesses and were asked by a district adjudications officer what was their current address.

4.    In response to the aforesaid question, the defendants stated under oath that they resided at "105-B Friendly Street, Newport News, Virginia" or words to that effect.

5.    The aforesaid statements of the defendants were false, as they then and there well knew that MONIKA AGNES PETO did not reside at 105-B Friendly Street, Newport News, Virginia.

(In violation of Title 18, United States Code, Sections 1015(a) and 2.)

## Count Ten

1.    The allegations contained in paragraphs eleven and twelve of the section of this indictment entitled "Introductory Allegations" are re-alleged and incorporated by reference as if set forth within.

2.    From on or about July 18, 2007 through on or about August 30, 2007, within the Eastern District of Virginia, the defendant, RITA BANKUTI, did unlawfully and knowingly for the purposes of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, structure or assist in structuring a transaction with one or more domestic financial institutions.  To wit, throughout that time period, RITA BANKUTI, made the following cash deposits:

| DATE | AMOUNT | ACCOUNT |
|---|---|---|
| 7/18/2007 | $4,700.00 | Navy Federal Credit Union # ******2109 |
| 7/21/2007 | $9,000.00 | Navy Federal Credit Union # ******5804 |
| 7/31/2007 | $9,000.00 | Navy Federal Credit Union # ******5804 |
| 8/13/2007 | $9,000.00 | Navy Federal Credit Union # ******5804 |
| 8/20/2007 | $5,000.00 | Navy Federal Credit Union # ******5804 |
| 8/30/2007 | $9,000.00 | Navy Federal Credit Union # ******5804 |
| TOTAL: | $45,700.00 | |

so that she would not trigger the filing of a Currency Transaction Report by depositing more than $10,000 on a single day.

(In violation of Title 31, United States Code, Section 5324(a)(3).)

## FORFEITURE ALLEGATION

1.      The defendant, RITA BANKUTI, if convicted of the offense in Count 10 of the Indictment, shall forfeit to the United States all property, real and personal, involved in such offense, and any property traceable thereto.

2.      The property subject to forfeiture under paragraph 1 includes, but is not limited to the following:

    a.      The sum of **$1,352.48** in U.S. Currency seized on January 28, 2008, from Navy Federal Credit Union Account # ******2109.

    b      The sum of **$1,000.00** in U.S. Currency seized on January 28, 2008, from Navy Federal Credit Union # ******5804 .

    c.      The sum of **$40,000.00** in U.S. Currency seized on January 28, 2008, from Navy Federal Credit Union # ******1613 .

(In violation of Title 31, United States Code, Section 5317 and Title 28, United States Code, Section 2461.)

*United States v. Louderback, et al.*
Criminal No. 2:08cr 6

A TRUE BILL:

REDACTED COPY

_____

FOREPERSON

CHUCK ROSENBERG
UNITED STATES ATTORNEY

By: _____
Stephen W. Haynie
Assistant United States Attorney
Virginia State Bar No. 30721
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-3205
E-Mail Address - steve.haynie@usdoj.gov

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _____
DEPUTY CLERK